**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR COLUNGA-GUZMAN, | No. 08-74756 |
| Petitioner, | Agency No. A098-266-406 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2013[**]
San Francisco, California

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

Oscar Colunga-Guzman, a native and citizen of Mexico, petitions from the

Board of Immigration Appeals' ("BIA") decision denying cancellation of removal

because he failed to demonstrate good moral character. All of Colunga-Guzman's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

arguments relate to his attempt to invoke the Fifth Amendment privilege against self-incrimination when questioned before the Immigration Judge ("IJ") about an arrest.

Colunga-Guzman first contends that the BIA violated his Fifth Amendment privilege by upholding the IJ's adverse inference drawn from the invocation. The BIA may permissibly draw such an adverse inference from a noncitizen's silence, even if that silence was the result of a proper invocation of the Fifth Amendment privilege. *Gutierrez v. Holder,* 662 F.3d 1083, 1091 (9th Cir. 2011). Colunga-Guzman further contends that the BIA was biased and violated his Due Process rights by relying solely on his silence. There is, however, no indication in the record that the IJ or the BIA exhibited overt bias or abdicated their roles as neutral adjudicators. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007).

Colunga-Guzman's final contention is that the BIA erred in finding that he lacked good moral character solely on the basis of such an adverse inference. We lack jurisdiction to review discretionary determinations, 8 U.S.C. § 1252(a)(2)(B), and this determination, made under the catchall provision of 8 U.S.C. § 1101(f), was purely discretionary. *Lopez-Castellanos v. Gonzales,* 437 F.3d 848, 854 (9th Cir. 2006).

Petition for review **DENIED** in part and **DISMISSED** in part.

2